IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

REGINALD S. HENDERSON, )
 )
          Plaintiff, )
 )
v. ) Case No. CIV-14-1052-R
 )
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
 )
          Defendant. )

# O R D E R

Before the Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Plaintiff's attorney, Kyle J. Saunders of Saunders & Saunders. Doc. No. 24. By this motion counsel seeks an Order approving an award of $20,000.00 for legal work performed before this Court. Defendant filed a response, although she has no stake in the outcome of this motion. Having considered counsel's request, the Court finds as follows.

On May 8, 2013, the Court entered judgment in favor of Plaintiff and remanded this matter to the Commissioner for additional proceedings. Plaintiff sought and was awarded attorney fees under the EAJA totaling $359.60 for 1.9 hours of work. Upon remand the Commissioner concluded that Mr. Henderson was disabled and therefore entitled to an award of past due benefits totaling $137,746.80. The Commissioner held back twenty-five percent of that amount for attorneys' fees. As noted, Counsel now seeks fees in the amount of $20,000. Counsel's request is premised not solely on the 1.9 hours he expended in this

1

case, but on 25.80 hours he worked on Plaintiff's behalf in a prior case, *Henderson v. Astrue*, Case No. CIV-12-381-HE. In that case the Court ordered a remand to the Commissioner who again denied benefits, and the resultant challenge to the second denial was the instant case.

Although Plaintiff and her counsel entered into a Contract for Federal Court Work (Doc. No. 25, Ex. 1), which provided for a contingent fee for federal court work equal to 25% of past due benefits, the Court must determine whether, under the facts of this case, that amount constitutes a reasonable fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)("[Section] 406(b) calls for court review of such [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). The Court finds that the award requested here is not reasonable, and thus is subject to reduction in light of the amount of time counsel spent on the case, the nature of the proceedings, and the fact that the award amount reflects the years of delay at the administrative level. Under *Gisbrecht*, this Court may not determine reasonableness simply by determining a lodestar fee. But, using the contingency-fee arrangement as the starting place, it may consider the time spent and the lawyer's normal hourly rate as factors bearing on reasonableness. *Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel presents records indicating that between both of the federal lawsuitS, the firm expended a total of 27.7 hours performing legal work to obtain remand on two occasions, which ultimately led to an award of back benefits.

The Supreme Court has cautioned against awarding "windfalls for lawyers," and has instructed, when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations and internal quotation marks omitted); *see also Russell v. Astrue*, 509 Fed.Appx. 695, 696 (10th Cir. 2013) (quoting *id.*). Following this caveat, the Court finds that the requested § 406(b) attorney fee is not reasonable for work performed in this case before this Court. *See generally McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006); *Gordon v. Astrue*, 361 Fed.Appx. 933 (10th Cir. 2010). This is particularly the case where the briefing was not extensive and the large award of back benefits was in large part due to delays at and repeated passage through the administrative level.[1] Although the legal work performed by Plaintiff's counsel's was of a professional quality and resulted in a remand, twice, to the SSA, without which Plaintiff would not have received past benefits, an award of $20,000.00 as requested by counsel would be an hourly rate of $722.02, which far exceeds the $250.00 non-contingency attorney rates reflected in counsel's motion. The Court finds that a fee of $13,850 is reasonable, which represents an hourly rate for counsel of $500.00. This amount is more than twice the amount of EAJA fees counsel was previously awarded for his work.

The Court hereby grants in part and denies in part the Motion for Award of Attorney's Fees under 42 U.S.C. § 406(b) and awards Plaintiff's counsel fees in the amount

---

1 Plaintiff filed his original applications for DIB and SSI on August 25, 2008, asserting an onset date of March 20, 2007.

of $13,850.00. The Commissioner shall pay the fees directly to Plaintiff's counsel, Kyle Sanders. Counsel shall refund to Plaintiff the previously awarded EAJA fees in both this case and in Case No. CIV-12-381-HE, which totaled $5,108.10. Finally, a copy of this Order shall be filed by the Clerk in Case No. CIV-12-381-HE.

IT IS SO ORDERED this 15th day of December, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE